**QI HUA ZHUANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72041.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 26, 2008.

Derek D. Lim, Law Offices of Derek D. Lim, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Lucy P. McClain, DOJ—U.S. Department of Justice, Philadelphia, PA, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Qi Hua Zhuang, a native and citizen of China, petitions for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ")

decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Because the inconsistencies relied by the IJ do not go the heart of Zhuang's claim of persecution, substantial evidence does not support the IJ's adverse credibility finding. *See Wang v. Ashcroft,* 341 F.3d 1015, 1021 (9th Cir.2003).

Substantial evidence supports the IJ's conclusion that Zhuang failed to establish past persecution, because his experiences did not amount to a substantial economic deprivation that threatened his life or freedom. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1186 (9th Cir.2006). Additionally, the record does not compel the conclusion that Zhuang established a well-founded fear of future persecution. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Accordingly, Zhuang's asylum application fails.

Because Zhuang failed to meet the lower standard of proof required to establish eligibility for asylum, he necessarily failed to show that he is entitled to withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Finally, substantial evidence supports the IJ's denial of CAT relief, because Zhuang did not establish that it is more likely than not that he will be tortured if he returns to China. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.